IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUAN M. MEDINA                                               PLAINTIFF

V.                                 NO. 11-5175

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Juan M. Medina, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on May 25, 2007, alleging an inability to work since June 3, 2004, due to "Back/spinal/hand/leg problems, headaches, depression, anxiety, high blood pressure." (Tr. 174, 182-183). An administrative hearing was held on August 25, 2009, at which Plaintiff appeared with counsel and testified.[1] (Tr. 10-46).

By written decision dated November 16, 2009, the ALJ found that during the relevant

---

[1]The Administrative Law Judge (ALJ) noted that Plaintiff had filed applications for DIB and SSI previously on December 13, 2004. An unfavorable decision was issued by an ALJ and the Appeals Council remanded the case, and directed the ALJ to associate the claims filed and to issue a new decision on the associated claims. (Tr. 59).

time period, Plaintiff had an impairment or combination of impairments that were severe - back disorder, obesity, hypertension, headaches, and sleep disruption/fatigue/depression. (Tr. 62). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 63). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that while the claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of six hours in an eight hour work day, and stand and/or walk for at least two hours in an eight hour work day, he can not climb ladders, scaffolds, or ropes and he should not be exposed to unprotected heights, dangerous equipment/machinery, or extreme vibration. The claimant cannot engage in the sustained operation of motor vehicles and he will require the option to alternate between sitting and standing, with the ability to sustain sitting continuously for 20 minutes at a time, and to stand continuously for 20 minutes at a time. The claimant can occasionally climb ramps or stairs, stoop, bend, crouch, crawl, kneel, or balance. The claimant must work where instructions are simple and non-complex; interpersonal contact with co-workers and the public is superficial and incidental to the work performed; the complexity of tasks is learned and performed by rote; the work is routine and repetitive; there are few variables, little judgment is required; and the supervision required is simple, direct, and concrete.

(Tr. 65). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but could perform such jobs as lamp shade assembler, compact assembler, and fishing reel assembler. (Tr. 68-70).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 26, 2011. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 20, 21).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3),

1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) Whether the ALJ properly considered the combined effects of Plaintiff's impairments; 2) Whether the ALJ properly assessed Plaintiff's credibility and discounted it for legally sufficient reasons; 3) Whether substantial evidence supported the ALJ's residual functional capacity determination; and 4) whether the ALJ fully and fairly developed the medical record. (Doc. 20).

### A. Combined Effects of Plaintiff's Impairments:

The ALJ noted that disability is defined "as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be

-4-

expected to last for a continuous period of not less than 12 months." (Tr. 59-60).  She also noted that at step two of the evaluation, the ALJ must determine "whether the claimant has a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 60).  The ALJ concluded that if the claimant has a severe impairment "or combination of impairments, the analysis proceeds to the third step." (Tr. 61).  She then stated that at step three, she must determine whether the claimant's impairment "or combination of impairments meets or medically equals" the criteria of a listed impairment. (Tr. 61).  The ALJ discussed each impairment and specifically found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 63).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).  Based upon the foregoing, as well as the arguments set forth in Defendant's well-reasoned brief (Doc. 21 at pgs. 6-8), the Court finds there is substantial evidence to conclude that the ALJ considered the combined effects of Plaintiff's impairments.

    **B.**    **Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In her decision, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with her RFC assessment. (Tr. 66). With respect to daily activities, the ALJ found that Plaintiff had moderate restrictions. Although Plaintiff reported that he spent much of the day resting, he also reported that while his wife worked, he watched their four children, ages 16, 14, 12, and 7. (Tr. 35, 188). Plaintiff reported he was also able to drive a car and shop for groceries one or two times a week. (Tr. 191).

The ALJ noted that some of Plaintiff's physical impairments were the result of an auto accident which occurred on June 2, 2004. (Tr. 66). It is noteworthy that Plaintiff did not seek medical treatment until the day after the accident, when he saw Dr. Phillip W. Rhoads, of Mercy Health System of Northwest Arkansas, and that Dr. Rhoads prescribed Plaintiff muscle relaxants, and stated that Plaintiff could return to work on Monday, June 7, 2004. (Tr. 242). On March 11, 2005, Plaintiff's cervical spine x-ray was negative, and on April 28, 2005, an x-ray of Plaintiff's neck was reported as fine. (Tr. 246). On June 15, 2005, Plaintiff had full range of motion in his neck. (Tr. 245).

The records also indicate that Plaintiff had high blood pressure, and that Dr. Rhoads stressed the importance of him controlling his blood pressure on August 4, 2004. (Tr. 240). Plaintiff was also advised by Dr. Carissa T. Candler, of Mercy Health System of Northwest Arkansas, on July 28, 2005, to consider checking his blood pressure frequently. (Tr. 244). On

July 6, 2006, Dr. Robert C. Thompson, of Orthopaedics & Sports Medicine Center, concluded that the Plaintiff's physical examination was unreliable, and stated as follows.

> We have cervical spine films taken today that show essentially no abnormalities here in the office to account for any majestic stiffness of that type. The range of motion of the extremities is normal, but accompanied by all sorts of groans. Bending of the elbow regardless of the position of rotation of the shoulder he states hurts his back. I know of no objective connection in this way and I would say that a number of these would be considered Waddell's sign. The range of motion examination is considered completely unreliable for these reasons.

(Tr. 251). Dr. Thompson concluded that Plaintiff may have a possible grade 1 spondylolisthesis[2] that would affect his ability to lift and long distance walk primarily. (Tr. 251).

With respect to medications, on August 10, 2007, when Dr. K. Marcus Poemoceah conducted a General Physical Examination, Plaintiff reported only taking Tylenol. (Tr. 254). On January 11, 2008, Plaintiff reported to Community Clinic at St. Francis House that his headaches became worse when he stopped taking blood pressure medications. (Tr. 285). Plaintiff subsequently presented himself to Community Clinic at St. Francis House in April, May, June, and September of 2008. (Tr. 280-284). On June 17, 2008, it was reported that there was no blood pressure log, and on September 3, 2008, his last recorded visit to the Community Clinic, the report indicated "Not sure PT is taking recommended dosages." (Tr. 280).

Plaintiff testified that he stopped going to the St. Francis House Community Clinic because he did not have money to keep paying. (Tr. 34). While it is for the ALJ in the first instance to determine a plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, such failure may be excused by a claimant's lack of

---

[2]Spondylolisthesis - Forward movement of the body of one of the lower lumbar vertebrae on the vertebra below it, or on the sacrum. Stedman's Medical Dictionary, 1813 (28th ed. 2006).

-7-

funds. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984); *Jackson v. Bowen*, 866 F. 2d 274, 275 (8th Cir. 1989). Economic justifications for lack of treatment can be relevant to a disability determination. However, there is nothing in the record to indicate that the St. Francis House Community Clinic would no longer treat Plaintiff based upon his inability to pay. Nor is there any indication that Plaintiff sought to obtain free medication from any other sources. The ALJ also noted Plaintiff's inconsistent statements made to his physicians, as well as Dr. Thompson's report of unreliability (Tr. 66-67), and deference to the ALJ's credibility determination is warranted. See Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005).

Based upon the foregoing, and for the reasons given in Defendant's well reasoned brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.     RFC Assessment**:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to

AO72A
(Rev. 8/82)

determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff would be able to perform sedentary work with certain limitations. With respect to Plaintiff's argument that the ALJ did not consider Plaintiff's testimony regarding his pain and discomfort, the ALJ clearly stated that he considered the evidence and that Plaintiff's statement concerning the intensity, persistence and limiting effects of the symptoms were not credible, and as indicated above, the Court believes there is substantial evidence to support this finding.

Plaintiff argues that the ALJ offered no supportive medical evidence that Plaintiff retained the capacity to perform sedentary work with certain limitations. On the contrary, the ALJ addressed the fact that x-rays of Plaintiff's cervical spine showed no significant abnormal conditions, and the fact that in his General Physical Examination, Dr. Poemoceah diagnosed Plaintiff with degenerative joint disease, muscle spasms, and a history of depression, but did not assess Plaintiff with any work related limitations. (Tr. 66-67). In addition, non-examining physician Dr. Steve Owens completed a Physical RFC Assessment and found that Plaintiff would be able to perform light work, with certain limitations. (Tr. 262). The ALJ gave the opinions of Plaintiff's examining and treating physicians substantial weight, and weighed the non-examining expert opinion consistent with 20 CFR 404.1527. (Tr. 68).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC findings.

### D.     Failure to Fully Develop Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is

AO72A
(Rev. 8/82)

particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

Plaintiff argues that the ALJ neglected to procure a consultative psychiatric evaluation to fully determine the extent and limiting effects of Plaintiff's depression. The ALJ considered Plaintiff's allegations in the light most favorable to Plaintiff and recognized that some limitations arising from depression symptoms, fatigue, and poor sleep related to back and/or headache pain. However, the ALJ noted there was no record of psychiatric or medical treatment for depression symptoms. (Tr. 68). As noted by Defendant, the fact that Plaintiff's counsel did not obtain a psychiatric evaluation suggests that the depression was of minor importance. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)(holding that the failure to seek treatment may indicate the relative seriousness of a medical problem). Plaintiff has the burden to prove his disability, and has responsibility for presenting the strongest case possible. See Thomas v. Sullivan, 928

-10-

F.2d 255, 260 (8th Cir. 1991). Plaintiff also argues that the ALJ should have obtained images of Plaintiff's spine to determine the extent of Plaintiff's back issues. However, it is noteworthy that Dr. Candler, in a March 10, 2005 report, noted that Plaintiff could not fit into the MRI scanner. (Tr. 247). As noted by Defendant, on July 6, 2006, Dr. Thompson noted that Plaintiff's cervical spine films taken that day showed "essentially no abnormalities here in the office to account for any majestic stiffness of that type." (Tr. 251).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ fully and fairly developed the record.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff's benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 11th day of January, 2013.

*s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)